

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAIMUR JAMIL,

Plaintiff,

- against -

SOLAR POWER INC.,

Defendant.

16 Civ. 01972 (JSR)

PRE-TRIAL CONSENT ORDER

The parties, having conferred among themselves and with the Court, and under the Federal Rules of Civil Procedure and the Individual Rules of this Court, adopt the following statements, directions and agreements as the Pretrial Consent Order herein.

I. Overview of the case.

Plaintiff Taimur Jamil was hired by defendant Solar Power Inc. as Vice President, Head of Capital Markets. The terms of Jamil's employment were memorialized in an Offer Letter dated April 16, 2015. The "Effective Date" of the Offer Letter was April 16, 2015.

In relevant part, the Offer Letter provides that Jamil was entitled to three blocks of stock as follows:

- a block of 35,000 shares of restricted common stock (the "Sign-on Stock") to vest on the 60th day following the Effective Date subject only to Jamil's continued employment through that date;

- an additional block of 260,000 shares of restricted common stock (the "Miscellaneous Stock") on the Effective Date subject to vesting with 25% of the shares to vest on the first anniversary of the Effective Date and each anniversary date thereafter; and

- an additional block of 180,000 shares of restricted common stock (the "Time-based stock") to automatically 100% vest if Jamil's employment was terminated by Solar Power other than for cause.

On November 3, 2015, Solar Power terminated Jamil's employment effective immediately, without cause.

Solar Power never issued or transferred to Jamil any of the shares of stock called for by the Offer Letter.

Jamil sued Solar Power for money damages on various claims and causes of action arising out of the employment relationship, including claims for breach of contract. Solar Power moved for summary judgment dismissing Jamil's various claims and causes of action.

After consideration of the papers submitted and oral argument, the Court granted Solar Power's motion in part. The Court also granted summary judgment to Jamil for breach of contract on the issue of liability for Solar Power's failure to transfer the 475,000 shares of stock to him, but not as to the amount of damages.

II. Description of remaining claims

The claim that remains for trial is the damages due plaintiff Jamil for defendant Solar Power's failure to transfer the three blocks of shares to him.

III. Specific facts, stipulations, admissions, and other matters on which the parties agree:

     i.    Plaintiff Taimur Jamil was employed by defendant Solar Power Inc. under the terms of an Offer Letter dated April 16, 2015.

    ii.    The effective date of the Offer Letter is April 16, 2015.

2

     iii.    Plaintiff Jamil was terminated from his employment by Solar Power, without cause, on November 3, 2015.

     iv.    Plaintiff Jamil was not paid severance pay equal to one month of his base salary upon termination of his employment.

     v.    Plaintiff Jamil was not granted any of the shares of stock provided for in the Offer Letter.

     vi.    Pursuant to the Court's decision on summary judgment, Defendant Solar Power is liable to plaintiff Jamil for damages for breach of contract as follows:

     - damages for the 35,000 shares of Sign-On Restricted Stock, (the parties agree that the date of breach as to those shares is April 16, 2015);

     - damages for the 180,000 shares of Time-Based Restricted Stock, (the parties agree that the date of breach as to those shares is November 3, 2015);

     - damages for the 260,000 shares of Miscellaneous Restricted Stock, (the parties agree the date of breach as to those shares is April 16, 2015); and

     - damages for unpaid severance payment equal to one month's salary ($19,583.33).

IV. A.   Plaintiff's particularized contentions as to the specific facts that are disputed:

     i.    All shares of stock vested 100% in plaintiff Jamil on the date(s) of breach.

     ii.    The damages for all shares of stock is the mean share price on the date of the breach as determined from published reports of the sale of defendant Solar Power's shares on the over-the-counter market (stock symbol SOPW).

    B.    Defendant's particularized contentions as to the specific facts that are disputed.

    i.    All shares of stock did not become 100% vested in Plaintiff on the date(s) of breach.

    ii.    All of the shares of stock at issue were restricted and subject to a six-month holding period under Securities and Exchange Commission ("SEC") Rule 144, 17 C.F.R. § 230.144 ("Rule 144").

    iii.    The damages for the restricted shares of stock at issue is the mean share price on the date of the breach, discounted by at least 35%

V. Plaintiff's particularized statement of the damages claimed;

Plaintiff claims damages for defendant's breach of contract in the total sum of $949,133.33 plus applicable interest broken down as follows:

-Unpaid severance of $19,583.33 (plus interest from November 3, 2015)

-Sign-on stock $70,350.00 (35,000 shares at mean share price of $2.01 on April 16, 2015) (plus interest from April 16, 2015)

-Time-based stock $336,600.00 (180,000 shares at mean share price of $1.87 on November 3, 2015) (plus interest from November 3, 2015)

-Miscellaneous stock $522,600.00 (260,000 shares at mean share price of $2.01 on April 16, 2015) (plus interest from April 16, 2015)

-All interest is to be computed from the date of the breach under NY CPLR 5001

-Damages for defendant's failure to transfer the shares of stock is calculated on the mean share price on the date of the breach as determined from published reports of the sale of defendant's shares on the over-the-counter market (stock symbol SOPW).

VI. List of witnesses

    <u>Plaintiff's Witnesses</u>

Taimur Jamil, plaintiff

Sharon Mauer

Note: Defendant objects to Sharon Mauer as a trial witness on the grounds of relevance. From Defendant's perspective, the trial of this matter is limited to the calculation of damages for shares of stock. Ms. Mauer is not an expert in any field relevant to the calculation of damages in this matter, nor has Plaintiff ever disclosed her as any such expert.

Defendant's Witnesses

Other than Plaintiff Taiumur Jamil, Defendant does not plan to call any other live witnesses. However, for the very limited purpose of establishing that the specific restricted shares of stock at issue were subject to a minimum six-month holding period under SEC Rule 144, Defendant intends to read into the record excerpts from the deposition testimony of non-party witness, Henry Ka, taken on November 30, 2016, in another related matter, *Adler v. Solar Power, et al.*, Civil No. 16 Civ. 01635 (LTS)(GWG). A complete and accurate copy of Mr. Ka's deposition transcript was provided to Plaintiff's counsel in this matter on December 19, 2016, prior to the close of the extended discovery deadline set by the Court to give Plaintiff an opportunity to conduct additional discovery on damages.

The sections of Henry Ka's deposition transcript Defendant intends to read into the record are as follows: 4:2-7; 14:8-15; 76:21-78:18; 85:24-86:6; 95:3-9; 100:15-22; 101:4-10; 145:20-146:17.

Note: Plaintiff objects to defendant's reading of Henry Ka's deposition testimony. The deposition was taken in a case where plaintiff was not a party and at which plaintiff did not have an opportunity to develop the testimony by cross-examination. Plaintiff further objects to all evidence proffered by defendant regarding the measure of damages on the ground that defendant failed and refused to produce any witness on the issue in response to plaintiff's Notice of Deposition under Fed. R. Civ. P. 30(b)(6) dated December 7, 2016.

VII.   List of Exhibits

Plaintiff's Exhibits:

| Ex No. | Description | Defendant's Objections[1] |
|---|---|---|
| P-1 | Solar Power Offer Letter to Taimur Jamil dated April 16, 2015, effective April 16, 2015 | No objection |
| P-2 | Letter dated November 3, 2015, terminating Taimur Jamil's employment | No objection |
| P-3 | Form 10-Q for the quarterly period ended September 30, 2015 filed by Solar Power, Inc., with the United States Securities Exchange Commission on November 13, 2015 | FRE 402: Relevance<br><br>FRE 403: Prejudicial/Confusing/Waste of Time/Cumulative<br><br>FRE 801, 802: Hearsay<br><br>Defendant also objects to this proposed Exhibit on the grounds that Plaintiff never produced or identified it during discovery. |
| P-4 | Form 8-K dated December 12, 2014, filed by Solar Power, Inc., with the United States Securities Exchange Commission on December 18, 2014 | FRE 402: Relevance<br><br>FRE 403: Prejudicial/Confusing/Waste of Time/Cumulative<br><br>FRE 801, 802: Hearsay<br><br>Defendant also objects to this proposed Exhibit on the grounds that Plaintiff never produced or identified it during discovery. |
| P-5 | Exhibit 10-11 to Form 8-K dated December 12, 2014, filed by Solar Power, Inc., with the United | FRE 402: Relevance<br><br>FRE 403: Prejudi- |

---

[1]      Defendant preserves all objections to any proposed exhibit herein until Defendant has been presented with a pre-marked copy of the exhibit to be used at trial. In the event that the pre-marked exhibit identified herein comports with what Defendant expects, Defendant preserves the objections identified herein. Defendant further specifically reserves all objections requiring an appropriate foundation for all exhibits, even where Defendant presents no objection to the authenticity of the proposed exhibit. In addition, Defendant's responses and objections herein reflect only the document being identified and not the description of that document provided by Plaintiff, and should not be interpreted as accepting the description as accurate or complete. Defendant further reserves the right to introduce any proposed exhibit listed by Plaintiff.

6

| | | |
|---|---|---|
| | States Securities Exchange Commission on December 18, 2014 | cial/Confusing/Waste of Time/Cumulative<br><br>FRE 801, 802: Hearsay<br><br>Defendant also objects to this proposed Exhibit on the grounds that Plaintiff never produced or identified it during discovery. |
| P-6 | Exhibit 10-13 to Form 8-K dated December 12, 2014, filed by Solar Power, Inc., with the United States Securities Exchange Commission on December 18, 2014 | FRE 402: Relevance<br><br>FRE 403: Prejudicial/Confusing/Waste of Time/Cumulative<br><br>FRE 801, 802: Hearsay<br><br>Defendant also objects to this proposed Exhibit on the grounds that Plaintiff never produced or identified it during discovery. |
| P-7 | Form 8-K dated January 15, 2015, filed by Solar Power, Inc., with the United States Securities Exchange Commission on January 16, 2015 | FRE 402: Relevance<br><br>FRE 403: Prejudicial/Confusing/Waste of Time/Cumulative<br><br>FRE 801, 802: Hearsay<br><br>Defendant also objects to this proposed Exhibit on the grounds that Plaintiff never produced or identified it during discovery. |
| P-8 | Exhibit 10.1 to Form 8-K dated January 15, 2015, filed by Solar Power, Inc., with the United States Securities Exchange Commission on January 16, 2015 | FRE 402: Relevance<br><br>FRE 403: Prejudicial/Confusing/Waste of Time/Cumulative<br><br>FRE 801, 802: Hearsay<br><br>Defendant also objects to this proposed Exhibit on the grounds that Plaintiff |

| | | never produced or identified it during discovery. |
|---|---|---|
| P-9 | Form 8-K dated March 30, 2015, filed by Solar Power, Inc., with the United States Securities Exchange Commission on March 31, 2015 | FRE 402: Relevance<br><br>FRE 403: Prejudicial/Confusing/Waste of Time/Cumulative<br><br>FRE 801, 802: Hearsay<br><br>Defendant also objects to this proposed Exhibit on the grounds that Plaintiff never produced or identified it during discovery. |
| P-10 | Exhibit 10.2 to Form 8-K dated March 30, 2015, filed by Solar Power, Inc., with the United States Securities Exchange Commission on March 31, 2015 | FRE 402: Relevance<br><br>FRE 403: Prejudicial/Confusing/Waste of Time/Cumulative<br><br>FRE 801, 802: Hearsay<br><br>Defendant also objects to this proposed Exhibit on the grounds that Plaintiff never produced or identified it during discovery. |
| P-11 | Form 8-K dated April 15, 2015, filed by Solar Power, Inc., with the United States Securities Exchange Commission on April 17, 2015 | FRE 402: Relevance<br><br>FRE 403: Prejudicial/Confusing/Waste of Time/Cumulative<br><br>FRE 801, 802: Hearsay<br><br>Defendant also objects to this proposed Exhibit on the grounds that Plaintiff never produced or identified it during discovery. |
| P-12 | Form 8-K dated May 4, 2015, filed by Solar Power, Inc., with the United States Securities Exchange Commission on May 7, 2015 | FRE 402: Relevance<br><br>FRE 403: Prejudicial/Confusing/Waste of Time/Cumulative |

| | | FRE 801, 802: Hearsay<br><br>Defendant also objects to this proposed Exhibit on the grounds that Plaintiff never produced or identified it during discovery. |
|---|---|---|
| P-13 | Exhibit 10.1 to Form 8-K dated May 4, 2015, filed by Solar Power, Inc., with the United States Securities Exchange Commission on May 7, 2015 | FRE 402: Relevance<br><br>FRE 403: Prejudicial/Confusing/Waste of Time/Cumulative<br><br>FRE 801, 802: Hearsay<br><br>Defendant also objects to this proposed Exhibit on the grounds that Plaintiff never produced or identified it during discovery. |
| P-14 | Form 8-K dated May 28, 2015, filed by Solar Power, Inc., with the United States Securities Exchange Commission on June 3, 2015 | FRE 402: Relevance<br><br>FRE 403: Prejudicial/Confusing/Waste of Time/Cumulative<br><br>FRE 801, 802: Hearsay<br><br>Defendant also objects to this proposed Exhibit on the grounds that Plaintiff never produced or identified it during discovery. |
| P-15 | Exhibit 10.2 to Form 8-K dated May 28, 2015, filed by Solar Power, Inc., with the United States Securities Exchange Commission on June 3, 2015 | FRE 402: Relevance<br><br>FRE 403: Prejudicial/Confusing/Waste of Time/Cumulative<br><br>FRE 801, 802: Hearsay<br><br>Defendant also objects to this proposed Exhibit on the grounds that Plaintiff never produced or identified it during discovery. |

| P-16 | Daily price records for Solar Power (OTCMKTS:SOPW) for December 2014 downloaded from https://www.google.com/finance/historical | FRE 402: Relevance<br><br>FRE 403: Prejudicial/Confusing/Waste of Time/Cumulative |
| --- | --- | --- |
| P-17 | Daily price records for Solar Power (OTCMKTS:SOPW) for January 2015 downloaded from https://www.google.com/finance/historical | FRE 402: Relevance<br><br>FRE 403: Prejudicial/Confusing/Waste of Time/Cumulative |
| P-18 | Daily price records for Solar Power (OTCMKTS:SOPW) for February 2015 downloaded from https://www.google.com/finance/historical | FRE 402: Relevance<br><br>FRE 403: Prejudicial/Confusing/Waste of Time/Cumulative |
| P-19 | Daily price records for Solar Power (OTCMKTS:SOPW) for March 2015 downloaded from https://www.google.com/finance/historical | FRE 402: Relevance<br><br>FRE 403: Prejudicial/Confusing/Waste of Time/Cumulative |
| P-20 | Daily price records for Solar Power (OTCMKTS:SOPW) for April 2015 downloaded from https://www.google.com/finance/historical | No objection, subject to Defendant being provided a pre-marked copy of this Exhibit prior to the trial start date |
| P-21 | Daily price records for Solar Power (OTCMKTS:SOPW) for May 2015 downloaded from https://www.google.com/finance/historical | FRE 402: Relevance<br><br>FRE 403: Prejudicial/Confusing/Waste of Time/Cumulative |
| P-22 | Daily price records for Solar Power (OTCMKTS:SOPW) for June 2015 downloaded from https://www.google.com/finance/historical | FRE 402: Relevance<br><br>FRE 403: Prejudicial/Confusing/Waste of Time/Cumulative |
| P-23 | Daily price records for Solar Power (OTCMKTS:SOPW) for July 2015 downloaded from https://www.google.com/finance/historical | FRE 402: Relevance<br><br>FRE 403: Prejudicial/Confusing/Waste of |

| | | Time/Cumulative |
|---|---|---|
| P-24 | Daily price records for Solar Power (OTCMKTS:SOPW) for August 2015 download-ed from https://www.google.com/finance/historical | FRE 402: Relevance<br><br>FRE 403: Prejudi-cial/Confusing/Waste of Time/Cumulative |
| P-25 | Daily price records for Solar Power (OTCMKTS:SOPW) for September 2015 down-loaded from https://www.google.com/finance/historical | FRE 402: Relevance<br><br>FRE 403: Prejudi-cial/Confusing/Waste of Time/Cumulative |
| P-26 | Daily price records for Solar Power (OTCMKTS:SOPW) for October 2015 down-loaded from https://www.google.com/finance/historical | FRE 402: Relevance<br><br>FRE 403: Prejudi-cial/Confusing/Waste of Time/Cumulative |
| P-27 | Daily price records for Solar Power (OTCMKTS:SOPW) for November 2015 down-loaded from https://www.google.com/finance/historical | No objection, subject to Defendant being provid-ed a pre-marked copy of this Exhibit prior to the trial start date. |
| P-28 | Form 20-F for the fiscal year ended December 31, 2015 filed by SPI Energy Co., Ltd, with the Unit-ed States Securities Exchange Commission on May 27, 2016 | FRE 402: Relevance<br><br>FRE 403: Prejudi-cial/Confusing/Waste of Time/Cumulative<br><br>FRE 901: Authentication<br><br>Defendant also objects to this proposed Exhibit on the grounds that: 1) Plaintiff never produced or identified it during discovery; and 2) this Exhibit appears to be a document that either has not even yet been creat-ed, or filed with the SEC. |

11

Defendants' Exhibits:

| Ex No. | Description | Plaintiff's Objections |
|--------|-------------|------------------------|
| D-1 | None | |

VIII.   Final Estimate of the length of trial.

The remaining issues in this case are to be tried without a jury. The parties estimate that the

trial will take one to two days.

Dated: New York, New York
       December 29, 2016

Zimner Law PC                              Gordon & Rees, LLP
Attorneys for Plaintiff Jamil              Attorneys for Defendant Solar Power
444 Madison Avenue, 4th Fl                 1 Battery Park Plaza, 28 Fl
New York, NY 10022                         New York, NY 10004
(212) 952-4369                             (212) 269-5500


By: /s/ Jay B. Zimner                      By: /s/ Kuuku Minnah-Donkoh


SO ORDERED:


_____           _____
HON. JED S. RAKOFF                         DATE  1/3/17
UNITED STATES DISTRICT JUDGE