UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAIMUR JAMIL,<br><br>                                             Plaintiff,<br><br>- against -<br><br>SPI ENERGY CO., LTD.,<br><br>                                             Defendant. | 16 Civ. 01972 (JSR) |

_____

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REGISTER THE JUDGMENT IN ANOTHER DISTRICT**
_____

Respectfully submitted,

 /s/ Jay B. Zimner
Zimner Law PC
Attorneys for Plaintiff Taimur Jamil
444 Madison Avenue, 4th Fl
New York, NY 10022
(212) 952-4369
jzimner@jbzlaw.com
File no. 15-10031

FACTS

The relevant facts are set forth in the accompanying declaration of Jay B. Zimner, Esq. dated August 21, 2017.

ARGUMENT

Under 28 U.S.C. § 1963, "[a] judgment in an action for recovery of money or property entered in any . . . district court" may be registered for enforcement in another district "when ordered by the court that entered the judgment for good cause shown." "This Court retains jurisdiction to entertain a motion under Section 1963, notwithstanding the pendency of appeal." See *Capitol Records, Inc. v. MP3tunes, LLC*, 2015 U.S. Dist. LEXIS 98681, *8-9 (S.D.N.Y. July 6, 2015).

In this district, "good cause is demonstrated where a judgment debtor lacks assets in the district rendering the judgment but holds assets in another district." *Woodward & Dickerson v. Kahn*, No. 89 Civ. 6733 (PKL), 1993 WL 106129, at *1 (S.D.N.Y. Apr. 2, 1993); *Capitol Records, Inc. v. MP3Tunes, LLC*, No. 07 Civ. 9931, 2015 WL 4557414, at *1 (S.D.N.Y July 6, 2015). A judgment creditor "need not provide exact evidence of the debtor's assets, and good cause may be supported by a lesser showing." *Capitol Records*, 2015 WL 4557414, at*1 (internal quotation marks and citation omitted). See also, *Ambac Assur. Corp. v. Adelanto Pub. Util. Auth.*, 2014 U.S. Dist. LEXIS 87697, at *10 (S.D.N.Y. June 26, 2014) (collecting cases); *Jack Frost Laboratories, Inc. v. Physicians & Nurses Mfg. Corp.*, 951 F. Supp. 51, 52 (S.D.N.Y. 1997); *HSH Nordbank AG N.Y. Branch v. Swerdlow*, No. 08 Civ. 6131 (DLC), 2010 U.S. Dist. LEXIS 47956, at *2 (S.D.N.Y. May 14, 2010), citing *Owen v. Soundview Fin. Group, Inc.*, 71 F. Supp. 2d 278, 279 (S.D.N.Y. 1999).

Jamil has made the necessary showing and met the "good cause" standard. Jamil has been unable to locate any assets belonging to SPI in the Southern District of New York. However, based on SPI's public filings and past practices Jamil has identified holdings in Delaware, Wisconsin, and California which may be used to satisfy the judgment in this case.

There is no reason why the judgment should not be enforceable now and while SPI still has assets in the United States.

## CONCLUSION

Accordingly, Jamil respectfully requests that this Court permit the registration of the judgment in the United States District Court, Central District of California, the United States District Court, District of Delaware, and the United States District Court, Eastern District of Wisconsin.

Dated: New York, New York
August 21, 2017

Respectfully submitted,

 /s/ Jay B. Zimner
Zimner Law PC
Attorneys for Plaintiff Taimur Jamil
444 Madison Avenue, 4th Fl
New York, NY 10022
(212) 952-4369
jzimner@jbzlaw.com
File no. 15-10031