UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
TAIMUR JAMIL,

    Plaintiff,

    -v-

SPI ENERGY CO., LTD.,

    Defendant.
------------------------------------------------x

16-cv-1972 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

On January 30, 2017, the Court issued a final judgment in this case awarding plaintiff, Taimur Jamil, $861,533.42 in damages. See Opinion and Order, ECF No. 46. On January 31, 2017, the Clerk entered judgment. See Clerk's Judgment, ECF No. 48. On March 2, 2017, defendant, SPI Energy Co., Ltd., filed a Notice of Appeal from the October 25, 2016 Opinion and Order (granting plaintiff partial summary judgment), the January 30, 2017 Opinion and Order (determining damages), and the January 31, 2017 Judgment. See ECF No. 49.

Before the Court is plaintiff's motion seeking entry of an order under 28 U.S.C. § 1963 for leave to register the January 31, 2017 judgment, ECF No. 48, in the U.S. District Court, Central District of California, the U.S. District Court, District of Delaware, and the U.S. District Court, Eastern District of Wisconsin. See ECF No. 50.

Under 28 U.S.C. § 1963, a judgment in an action for recovery of money or property entered in any district court may be registered for enforcement in another district "when ordered by the court that entered

1

the judgment for good cause shown." This Court retains jurisdiction to issue such an order, notwithstanding the pendency of appeal. See Capital Records, Inc. v. MP3Tunes, LLC, 07 Civ. 9931 (WHP) (S.D.N.Y. July 6, 2015) (citing Woodward & Dickerson v. Kahn, No. 89 Civ. 6733 (PKL), 1993 WL 106129, at *1 (S.D.N.Y. Apr. 2, 1993)).

Good cause may be established "upon a mere showing that the [party against whom the judgment has been entered] has substantial property in the other [foreign] district and insufficient [property] in the rendering district to satisfy the judgment." Lankler Siffert & Wohl, LLP v. A. Cal Rossi, Jr., No. 02 Civ. 10055 (RWS), 2004 WL 1627167, at *1 (S.D.N.Y. July 21, 2004) ("Lankler") (brackets in original) (internal quotations omitted). Further, the judgment creditor "need not provide exact evidence of the debtor's assets, and good cause may be supported by a lesser showing." Id.

Plaintiff here represents that defendant has not posted a superseadeas bond. See Decl. of Jay B. Zimner, Esq., in Support of Pl.'s Mot. To Register the J. in Another District, dated August 21, 2017 ¶ 5, ECF No. 50 ("Zimner Decl."). Plaintiff further represents that counsel has been unable to locate any assets belonging to defendant within the Southern District of New York. Id. at ¶ 9. In the "absence of contrary evidence," of which defendant has provided none, the Court accepts these assertions as true. Lankler, 2004 WL 1627167 at *2.

With respect to plaintiff's further burden to identify defendant's assets in the relevant foreign districts, plaintiff

2

represents that, based on a review of defendant's public filings, defendant (1) has a wholly-owned U.S. subsidiary formed under Delaware law, (2) has stock ownership interests in a company headquartered in Wisconsin, and (3) had, and likely still has, a banking relationship with a bank located in California. See Zimner Decl. ¶¶ 10-11.

In response, defendant argues that plaintiff has failed to identify either the specific public filings or the other sources of information upon which its attorney's declaration is based, and that, therefore, plaintiff has failed to show good cause. While plaintiff might have provided the Court with more documentation, defendant does not refute, or even deny, plaintiff's representations that assets may be found in these three jurisdictions. See Def.'s Mem. of Law in Opp. to Pl.'s Mot. to Register the J. in Another District, dated August 25, 2017 ("Def. Mem.") at 2.

In Lankler, the Court found that, "In the absence of contrary evidence, the affidavit in support of the judgment creditors' motion should be presumed true." 2004 WL 1627167 at *2 (quoting Donel Corp. v. Kosher Overseers Ass'n of Am., Inc., No. 92 Civ. 8377 (DLC) (HBP), 2001 WL 1512589, at *2 (S.D.N.Y. Nov. 28, 2001); see also Owen v. Soundview Fin. Grp., Inc., 71 F. Supp. 2d 278, 279 (S.D.N.Y. 1999) (finding that the judgment debtor's "careful failure to controvert any of the facts asserted by the judgment creditor permits acceptance thereof for purposes of this motion"). Thus, the Court finds that plaintiff has met his burden to show good cause under Section 1963.

3

In the alternative, defendant asks the Court to defer registration of the judgment in other districts for thirty days to give defendant an opportunity to "decide whether to post a superseadeas." Def. Mem. at 2. In Lankler, which defendant cites, the court deferred registration of the judgment for 14 days to allow the defendant to file a superseadeas bond, 2004 WL 1627167 at *2, and this seems a more than reasonable amount of time in this case as well. More than two weeks have now passed since defendant asked for more time to file a bond, and none has been filed. Moreover, more than six months have passed since defendant filed its notice of appeal, and no bond has been filed at any time during that period. Further delay is uncalled for.

Accordingly, upon consideration and for good cause shown, the Court hereby grants forthwith plaintiff's motion to register the judgment in the Central District of California, the District of Delaware, and the Eastern District of Wisconsin.

The Clerk of the Court is directed to close docket entry number 50.

SO ORDERED.

Dated: New York, NY
September 6, 2017

JED S. RAKOFF, U.S.D.J.